UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WERONIKA JANCZUK, | |
| Plaintiff, | 24-CV-3510 (LTS) |
| -against- | ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Weronika Janczuk, who is appearing *pro se*, filed this action invoking the court's federal question and diversity jurisdiction and seeking injunctive relief. She sues the United States of America, the Association of American Publishers, and the Association of American Literary Agents. By order dated July 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts that the events giving rise to her claims occurred between 2010 and the present, "in all places wherein agents literary and book publishers come into contact with persons and personal lives with legal and social repercussions."[1] (ECF 1, at 2.) She provides the following as her statement of claim:

> No publicly-available standard for evaluation and litigation exists for any procedural essential to the acquisition and publication of the book (as in, standards related to the object itself, not to any form of proximate-to-it corporate lifestyle, even as both might and/or do impact each other in all praxes).

(*Id*. at 3.) Plaintiff asserts the following injuries:

> Personalities of a particular kind cannot find the voices they require or desire, even as they cognize with mutual agreement the value of written art. Persons understanding themselves to have a skykiographic or cognitive authority – especially in ever-instilled empathy with and for those industrially and commonly understood as excellent - - cannot be guaranteed proportionate skykiographic or cognitive authorities. If partnerships like agenting and editorial work are like marriage in some major-cognitive synonymytry, the industry doesn't guarantee partnership.

(*Id*.)

Plaintiff seeks to compel the publishing industry to immediately examine its procedures "in such a way that there is no abuse of the persons involved" and to "immediately adopt-entirely or make-available-with-support-and-disclosure a legally-binding and social-work-binding process for reporting and suing over psychiatric needs, social work needs, scaffolding needs, and

---

[1] Plaintiff uses the court's general complaint form. However, the copy she provides includes the duplication of some of the information, words squished together, and the use of irregular capitalization. For readability, the Court uses standard spacing and capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

more. . . . (*Id*.) Plaintiff further requests that the United States provides the publishing industry "a legal salary or stipend to operate adjudicatively and to begin the process of constructing a legal infrastructure" for the publication of books. (*Id*.)

## DISCUSSION

### A.    Sovereign immunity

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B.    Standing

Plaintiff has also failed to allege facts sufficient to show that she has standing to assert her claims. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by

3

the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits [her] than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted)."'If [a] plaintiff[] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [her] claim.'" *Mahon*, 683 F.3d at 62 (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement. . . .").

To the extent that the Court can understand Plaintiff's complaint, her claims appear to arise out of what she perceives as a lack of an infrastructure with established procedure or standard for the publication of books in the United States. She does not, however, allege any facts showing that she herself has suffered a concrete and particularized injury caused by Defendants. Plaintiff's claims regarding the lack of a procedure or standard for publication appear to be merely generalized grievances, which do not establish standing. *See Hollingsworth*, 570 U.S. at 706. Accordingly, the Court also dismisses Plaintiff's claims for lack of standing and, consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Mahon*, 683 F.3d at 62.

**C.    Plaintiff's action is frivolous**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous when it "lacks an arguable

4

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Plaintiff, without any legal basis to do so, asks this Court to order the United States and the publishing industry to change the infrastructure for the publication of books. Because there is no legal basis for these claims for relief, the Court further dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**D.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge